# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOSEPH STEPHEN WEST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:13-CV-2232-VEH** |
| ) | |
| **TED HOOKS, et al,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil action was filed on December 11, 2013, by the *pro se* plaintiff, Joseph Stephen West, against the defendant, Ted Hooks, the former clerk of court of the Circuit Court of Calhoun County, Alabama. (Docs. 1, 9). The Amended Complaint alleges that the defendant

> violated [the plaintiff's] constitutional right to seek redress against his previous attorneys, Mr. Jake Matthews, Jr. and Mr. William Broome, by erroneously booking a civil action against Mr. Matthews as a criminal action, by losing the substantial hardship form attached to the complaint, and by losing the whole complaint against Mr. Broome.

(Doc. 9 at 4).

The case comes before the court on the motion to dismiss filed by the defendant. (Doc. 18). On November 12, 2014, the court issued an order giving the

plaintiff notice that, because documents outside the pleadings have been attached to the motion, the court will treat the motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 21 at 1). Thereafter, in that same order, the court advised the plaintiff of his rights and responsibilities in responding to the motion. The motion is now under submission. For the reasons stated herein, the motion will be **DENIED without prejudice**.

**I.     STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go

beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict

if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

## II.  ANALYSIS

The instant motion fails because the defendant has failed to carry his evidentiary burden.

As noted above, the party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324.

> The entirety of the motion reads:
>
> COMES NOW the defendant Ted Hooks, former clerk of the Circuit Court of Calhoun County, Alabama, by and through undersigned counsel, and moves this Honorable Court to dismiss the plaintiff's complaint, and as grounds therefore, states as follows:
>
> 1. Plaintiff alleges that defendant, Ted Hooks (Mr. Hooks), placed plaintiff's civil lawsuit in his criminal case file, and alleges that Mr. Hooks lost another civil complaint that he allegedly mailed to the court.
>
> 2. Plaintiff submits an order from his criminal case and two domestic return receipts stamped as received on November 19, 2012 as proof of his claims.
>
> 3. While Mr. Hooks was responsible for managing the Calhoun County Circuit Court, he did not handle the actual filing of court documents mailed to the court. Those duties were delegated to someone else.

4. Plaintiff's "complaint" was filed in his criminal case, but plaintiff placed the three criminal case numbers on the cover of his "complaint." (Ex. A)

5. Plaintiff failed to include either a filing fee or a verified statement of substantial hardship in the mail along with the "complaint." (Ex. A)

6. Despite plaintiff's assertion that he mailed a second compliant to the court, there is no record of the court having ever received the alleged complaint, and the court's records show that as of August 14, 2014, Mr. Broome continues to represent the plaintiff in his criminal case. (Ex. B)

7. This lawsuit is obviously frivolous and is due to be dismissed.

(Doc. 18 at 1-2).

Even assuming for a moment that all of the defendant's evidence is admissible,[1] and even further accepting as true all of the factual averments in the motion, the motion still fails. Other than the vague statement that the claim is "obviously frivolous," the defendant makes no <u>argument</u>, and cites no authority in support of the motion. The exact legal basis for the motion is unclear and "[t]here is no burden upon

---

[1] There are problems with the affidavit offered by the defendant. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In support of his motion, the defendant offers his own affidavit, prepared in a separate case, and identified as "Exhibit A." (Doc. 18-1 at 1-2). Nowhere in the affidavit does the defendant state that he has personal knowledge of any of the facts contained therein. Instead, the affidavit seems to be based purely on hearsay, as the facts set out therein are stated to be "[a]ccording to the records and staff of the Circuit Clerk's office of Calhoun County." (Doc. 18-1 at 1). Finally, the affidavit lays no foundation for how, as the <u>former</u> court clerk, the defendant could be competent to testify regarding documents in the court files, or to authenticate any of the documents which are referenced.

the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).[2]

In his reply brief, the defendant writes:

1. Plaintiff's claim is based solely on the fact that Mr. Hooks was "responsible for all work done in that office." (Doc 22, p. 2)

2. Supervisory liability occurs "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (*quoting Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 2008) (citations omitted)). A causal connection can be established if the plaintiff alleges "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1235.

3. There is no evidence that Mr. Hooks personally participated in the filing of plaintiff's alleged lawsuits.

4. There is no evidence that would even suggest that Mr. Hooks directed anyone to violate plaintiff's rights.

5. This case is due to be dismissed.

(Doc. 23 at 1-2). Whatever the merits of these arguments, they were not presented in the movant's initial brief, and so it would be unfair to the plaintiff consider them now.

---

[2] This is not an *in forma pauperis* proceeding which would require the court to conduct a frivolity determination under 28 U.S.C. § 1915.

*See*, *Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10-CV-03288-SCJ, 2014 WL 2002834 (N.D. Ga. Apr. 18, 2014) ("As a general rule, federal courts do not consider arguments that are presented for the first time in a reply brief.") (*citing Herring v. Sec'y, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir.2005)).

### III.  CONCLUSION

Based on the foregoing, the motion to dismiss, treated as a motion for summary judgment, is **DENIED without prejudice**. Should the movant wish to re-file the motion, he should be sure to comply with this court's requirements in its Uniform Initial Order, and to include in his initial brief any arguments he wishes the court to consider. (Doc. 3). Relief briefs are for the purpose of replying to the other party's response to the initial brief. They are not for the purpose of making arguments for the first time.

**DONE** and **ORDERED** this 10th day of February, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge