# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOSEPH STEPHEN WEST,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 1:13-CV-2232-VEH** |
| | ) |
| **TED HOOKS, et al,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This civil action was filed on December 11, 2013, by the *pro se* plaintiff, Joseph Stephen West, against the defendant, Ted Hooks, the former clerk of court of the Circuit Court of Calhoun County, Alabama. (Docs. 1, 9). The Amended Complaint is brought pursuant to 42 U.S.C. § 1983, and alleges that the defendant

> violated [the plaintiff's] constitutional right to seek redress against his previous attorneys, Mr. Jake Matthews, Jr. and Mr. William Broome, by erroneously booking a civil action against Mr. Matthews as a criminal action, by losing the substantial hardship form attached to the complaint, and by losing the whole complaint against Mr. Broome.

(Doc. 9 at 4).

The case comes before the court on the defendant's motion for summary

judgment. (Doc. 29).[1] For the reasons stated herein, the motion will be **GRANTED in part** and **DENIED in part**.

I.   STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the

---

[1] On February 10, 2015, the case came before the court on the motion to dismiss filed by the defendant. (Doc. 18). The court treated the motion as a motion for summary judgment, and, in its order denying the motion, noted that the exact legal basis for the defendant's motion was unclear, and arguments appeared in the defendant's reply brief which were not argued in its initial brief. (Doc. 26 at 5-8). Also in that order, the court was clear that "[s]hould the movant wish to re-file the motion, he should be sure to comply with this court's requirements in its Uniform Initial Order, and to include in his initial brief any arguments he wishes the court to consider." (Doc. 26 at 8). The defendant has now re-filed his motion, this time calling it, on the front end, a motion for summary judgment.

moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a

genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought

to be negated. *Id.*

## II. FACTS

In his affidavit, the plaintiff states:

> On or about November 8, 2012[,] I mailed two (2) formal complaints to my mother, Betty West, at West Insurance Agency, Oxford, Alabama with instructions to copy the documents and send each in its own separate envelope via certified mail to each of the defendants and to the Circuit Court Clerk at the Calhoun County Courthouse.
>
> Each complaint included the actual complaint which was notarized by Sgt. Cheryl Watson at Elmore Correction Center in Elmore, Alabama. Each complaint also had attached to it a substantial hardship form which was provided by the law library at Elmore Correction Center and completed by the law clerk at that time, Mr. Rasbian Ward.

(Doc. 37 at 3-4).

Betty West, the plaintiff's mother, stated the following in her affidavit:

> On November 17, 2012[,] I received several documents, which I was expecting and recognized as suits, from my son Steve who was at Elmore Correction Center. These suits were titled "Formal Complaint" and were against Mr. Jake Matthews and Mr. Bill Broome. I copied the suits and other documents and placed copies of them in envelopes, one addressed to Mr. Broome and one addressed to Mr. Matthews. The originals were placed in individual envelopes and each was addressed separately to the Circuit Court Clerk, Calhoun County Courthouse, 25 West 11th Street, Anniston, AL 36201. Brittany West, who handles our mail, then took the envelopes to the Oxford Post Office where she mailed them "Certified Mail[.]"[] A few days later I received the signed return receipts from Ted Hooks, the Clerk of the Circuit Court and placed them in the file Steve had asked me to keep.

(Doc. 37 at 5-6). In her affidavit, Brittany West stated:

> On November 17, 2012[,] I took four (4) envelopes to the United States Post Office in Oxford, Alabama. Each envelope contained several sheets of paper.
>
> When I arrived at the post office[,] I completed return receipt certified mail forms and attached one to each envelope. Two (2) of the envelopes were addressed to the Circuit Court Clerk in the Calhoun County Courthouse. One (1) envelope was addressed to Jake Matthews, Jr., Merrill, Merrill, Matthews & Allen, [P.O.] Box 36, Anniston, AL 36202. One (1) envelope was addressed to William H. Broome, Attorney at Law, [P.O.] Box 1952, Anniston, AL 36202. I then took all four (4) envelopes to the post office service window where I paid the fee for certified mail, leaving the envelopes with the postmaster.
>
> On November 20, 2012[,] I received the return receipts from the Circuit Clerk. Both receipts were received by Ted Hooks and showed delivery dates of 11/19/12. The return receipt for Jake Matthews, Jr[.] was signed by Ron Allen with a delivery date of 11/28/12. The return receipt for William H. Broome was signed by Patti Duke and did not include a delivery date.

(Doc. 37 at 7-8). The return receipts themselves are also included in the record. (Doc. 37 at 9-12).

In the defendant's affidavit, he states

> Although I did not personally receive the complaint [in the *Matthews* case] and file it in his criminal cases, I reviewed his complaint and discovered that he placed his criminal case numbers in the style of the complaint. The clerk that received the complaint and filed it in his criminal cases did so correctly in accordance to the court policy. All filings received that are styled with criminal case numbers are filed in their respective criminal court cases.

(Doc. 31-1 at 2). The defendant admits in his affidavit that "[t]here was no case filed

6

by Mr. West against Mr. Broome while I was the Calhoun County Court Clerk."

(Doc. 31-1 at 2). However, he states:

> 5. Mr. West has provided copies of two domestic return receipts stamped as received on November 19, 2012[,] as proof of his claims. The return receipts were not signed by me personally; they were stamped using a signature stamp by whoever was processing the mail that day.
>
> 6. While I was responsible for managing the Calhoun County Circuit Court, I did not handle the actual filing of court documents mailed to the court. Those duties were delegated to someone else.
>
> 7. I did not personally participate in the receiving or filing of plaintiffs alleged civil lawsuits.
>
> 8. I did not direct anyone to violate Mr. West's rights.

(Doc. 31-1 at 2-3).

According to the Amended Complaint, the judge to whom the case was assigned, "after holding [it] on her desk for several days[,] ruled that the plaintiff cannot sue his attorney in criminal court and dismissed the complaint." (Doc. 9 at 2, 8). According to the complaint, thereafter, the plaintiff eventually filed both his claims in the proper court, but they were dismissed as time barred. (Doc. 9 at 3).

## III. ANALYSIS

The defendant is sued individually and in his official capacity as the former clerk of court of the Calhoun County Circuit Court.[2] It is unclear how, as the former

---

[2] The defendant's motion fails to address the two capacities in which he is sued.

7

clerk, an official capacity suit could be maintained against this defendant. Regardless, the suit against the defendant in his official capacity is due to be dismissed as "'[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court.'" *Micklas v. Phillips*, 522 F. App'x 616, 618 (11th Cir. 2013) *(quoting Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir.1994)); *see also*, *Cloy v. Boutwell*, No. CIV.A. 12-00718-KD-N, 2015 WL 225388, at *8 (S.D. Ala. Jan. 16, 2015) ("Alabama law indicates that circuit court clerks' offices are considered state agencies.").

As to the individual capacity claims, in his two page argument,[3] the defendant moves for summary judgment <u>only</u> on the basis that he did not personally participate in the handling of the plaintiff's lawsuits, and argues that the plaintiff "cannot prove that Mr. Hooks participated in any way in the receiving, filing[,] or handling of [the[ plaintiff's complaint." (Doc. 30 at 3-4). The Eleventh Circuit has noted that

> "[i]t is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). Absent personal participation, a § 1983 plaintiff must allege "a causal connection between actions of the supervising official and the alleged constitutional deprivation," such as a history of widespread

---

[3] In the aforementioned motion to dismiss (doc. 18), the defendant's entire argument was just over one page, and cited no rules, cases, or other basis for the motion except the conclusory statement that "[t]his lawsuit is obviously frivolous." (Doc. 18 at 2).

>abuse that put the supervisor on notice of constitutional violations or a custom or policy of the supervisor that results in the constitutional violation. *Id.*

*Watson v. Lockette*, 379 F. App'x 822, 826 (11th Cir. 2010). The plaintiff has provided no evidence of direct involvement in the handling of his actions by the defendant, and provides no evidence of any other causal connection. The defendant has provided his affidavit, wherein he states that he personally took no action regarding any of the plaintiff's filings, and directed no one to violate the plaintiff's rights. (Doc. 31-1 at 2-3).[4]

The court is cognizant that not every allegation of supervisor liability entitles the plaintiff to discovery. The classic and best example of this can be found in *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (rejecting, in the context of a motion to dismiss, conclusory allegations of supervisor liability made without factual basis). And, to be sure, in this case, the complaint is not a model pleading. It did not allege that the defendant personally participated in any of the conduct alleged in the complaint. (*See* doc. 9 at 1 ("[h]e was legally responsible for all operations of the clerk's office"); doc. 9 at 2 ("the clerk's office booked the suit"); doc. 9 at 2 ("the clerk's office has completely misplaced the suit against Mr.

---

[4] However, as explained *infra*, in that affidavit, the defendant apparently admitted certain facts relevant to the plaintiff's claims.

Broome"); doc. 9 at 2 ("the clerk's office has completely misplaced the substantial hardship form which was submitted with the civil complaint")).

Regardless, the defendant's affidavit, the only evidence offered by him in support of the motion, provides support, at least in part, for denial of the motion. In the affidavit, he states that he learned all the information he provides therein "by personally reviewing the plaintiff's criminal and civil cases that were pending." (Doc. 31-1 at 2). He does <u>not</u> state <u>when</u> he reviewed these materials. He also states that he saw that the plaintiff's complaint against Matthews contained the criminal case numbers and knew that "court policy" required it to be filed in the criminal case. He does <u>not</u> state <u>when</u> he saw that complaint. Drawing all inferences and reviewing all evidence in the light most favorable to the non-moving party, which this court must in reviewing a motion for summary judgment, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011), this evidence is sufficient to establish that Hooks: 1) personally reviewed the complaint filed by the plaintiff at the time of its filing and knew that it contained the case numbers of plaintiff's criminal case; (2) knew that court policy would cause the filing clerk to place plaintiff's complaint in the plaintiff's criminal case file; (3) did nothing to cause the filing clerk to open a civil case for the plaintiff even though Hooks had the power to do so; and (4) was the person who set the policy that caused plaintiff's civil complaint to be filed in his

criminal case file.

Further, in keeping with the notion that *pro se* pleadings are to be liberally construed,[5] and mindful of the fact <u>the instant motion does not move to dismiss for failure to state a claim upon which relief may be granted</u>, the motion will be denied to as to the individual claims against the defendant.

## IV. CONCLUSION

Based on the foregoing, the motion for summary judgment is **GRANTED**, to the extent that claims are made against the defendant in his official capacity. All claims against the defendant in his official capacity are **DISMISSED with prejudice**. Otherwise, the motion is **DENIED**.

**The Rule 26 report of parties' planning meeting is due no later than August 21, 2015.**

**DONE** and **ORDERED** this 21st day of July, 2015.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5] "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Windham v. City of Fairhope, Ala.*, 20 F. Supp. 3d 1323, 1334 n. 14 (S.D. Ala. 2014), *appeal dismissed (*July 10, 2014) (Steele, J.), *aff'd sub nom. Windham v. City of Fairhope*, 597 F. App'x 1068 (11th Cir. 2015) (quoting "*Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998)).